UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID HARDAWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 2:05-CV-399 PS |
| v. | ) |
| | ) |
| MAYOR SCOTT KING, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

David Hardaway, a *pro se* prisoner, submitted a complaint alleging breach of contract. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Hardaway alleges that the defendants are in breach of a contract to pay him the $100,000 reward for having provided information leading to the conviction of the person who committed a quadruple homicide in Gary Indiana. Breach of contract is a state, not a federal cause of action. *See Davis v. G.N. Mortg. Corp.*, 396 F.3d 869 (7th Cir. 2005). Therefore, subject matter jurisdiction, it if exists at all, must be based on diversity.

> In order to support diversity jurisdiction under 28 U.S.C. sec. 1332, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy (more than $75,000).

*Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). Mr. Hardaway's claim for $100,000 meets the second prong of this test, but he is unable to meet the first prong because both he and Mayor Scott King are both citizens of Indiana.

Though the complaint does not mention the citizenship of either Mr. Hardaway nor Scott King, both can be determined by court records and public documents. Scott King is the mayor of Gary, Indiana. A mayor "must reside within the city . . .." IND. CODE 36-4-5-2(d), see also IND. CONST. art. 6, § 6.

Mr. Hardaway is a prisoner and he is currently being held at USP Levenworth in Kansas. Nevertheless, he is not a citizen of Kansas.

> Since domicile is a voluntary status, a forcible change in a person's state of residence does not alter his domicile; hence the domicile of [a] prisoner before he was imprisoned is presumed to remain his domicile while he is in prison.

*Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991). Based on the pre-sentence report in *United States v. Hardaway*, 2:03-cr-091 (N.D. IND. filed Nov. 19, 2003), Mr. Hardaway lived in

Gary, Indiana at the time of his detention in October 2003. Mr. Hardaway was born in Indianapolis, Indiana and the report gives no indication that he ever lived out-of-state. Therefore Mr. Hardaway was and still is a citizen of Indiana.

Because Mr. Hardaway and Mayor Scott King are both citizens of Indiana, there is not complete diversity and this court lacks subject matter jurisdiction over this case.

For the foregoing reasons, this case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

ENTERED: February 14, 2006

S/ Philip P. Simon<br>
PHILIP P. SIMON, JUDGE<br>
UNITED STATES DISTRICT COURT